UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL JOHNSON,

                    Plaintiff,

      -against-

THE CITY OF NEW YORK, C.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown), DETECTIVE YVETTE CARABALLO, Shield No. 132, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff, Michael Johnson, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. Defendant, the City of New York, maintains the New York City Department of Corrections, a duly organized public authority, authorized to perform all functions of a department of corrections as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10. At all times hereinafter mentioned, the individually named defendants, DETECTIVE YEVETTE CARABALLO, and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said

department and were acting under the supervision of said department and according to their official duties.

11. At all times hereinafter mentioned, the individually named defendants, C.O.s "JOHN DOE" #1-10, were duly sworn corrections officers of said department and were acting under the supervision of said department and according to their official duties.

12. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

15. On or about August 12, 2012, in the vicinity of 1075 East 179th Street, at approximately 6:30 P.M., in the County of The Bronx and the State of New York, defendant police officers approached plaintiff MICHAEL JOHNSON at his home and demanded he go to the 48th precinct for questioning.

16. Believing that he had no choice but to comply with defendant police officers, Plaintiff MICHAEL JOHNSON agreed to go with the officers to the precinct.

17. At the precinct, defendant police officers falsely accused plaintiff MICHAEL JOHNSON of stealing a 9-year-old's bicycle and $19.00 of currency.

18. Plaintiff MICHAEL JOHNSON had *never* stolen any bicycle, let alone one from a 9-year-old boy.

19. Plaintiff MICHAEL JOHNSON had *never* stolen $19.00 from *anyone*, let alone from a 9-year-old boy.

20. From the outset of plaintiff MICHAEL JOHNSON's dealings with defendant police officers, defendant police officers were in possession of a video-tape fully exonerating plaintiff MICHAEL JOHNSON.

21. The videotape clearly showed that the individual who stole the child's property was *not* plaintiff MICHAEL JOHNSON.

22. Plaintiff MICHAEL JOHNSON did not match the perpetrator in terms of height, weight, race, age, and other defining characteristics.

23. Nonetheless, plaintiff MICHAEL JOHNSON was arrested and charged with, *inter alia*, Robbery in the 3rd degree, Grand Larceny in the 4th degree, Petit Larceny, Criminal Possession of Stolen Property in the 5th degree, Endangering the Welfare of a Child, and Menacing.

24. Plaintiff MICHAEL JOHNSON was then imprisoned and incarcerated for approximately five (5) days.

25. Thereafter, plaintiff MICHAEL JOHNSON had a story written about him in the New York Post entitled "Kid-mug Rap."

26. The New York Post article was distributed by defendant CORRECTIONS OFFICERS to plaintiff MICHAEL JOHNSON's fellow inmates on Rikers Island while he was being held there.

27. As a result, plaintiff MICHAEL JOHNSON'S life was immediately threatened by the inmates who had received the article by defendant CORRECTIONS OFFICERS.

28. Thereafter, plaintiff MICHAEL JOHNSON's criminal attorney demanded to watch the videotape of the subject incident with members of the Bronx County District Attorney's Office.

29. On December 7, 2012 all charges against plaintiff MICHAEL JOHNSON were dismissed.

30. As a result of the foregoing, plaintiff MICHAEL JOHNSON sustained, *inter alia*, loss of liberty, lost earnings, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

33. All of the aforementioned acts deprived plaintiff MICHAEL JOHNSON of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and corrections officers, with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and corrections officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. As a result of defendants' aforementioned conduct, plaintiff MICHAEL JOHNSON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

39. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants misrepresented and falsified evidence before the District Attorney.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against MICHAEL JOHNSON.

45. Defendants lacked probable cause to initiate criminal proceedings against plaintiff MICHAEL JOHNSON.

46. Defendants acted with malice in initiating criminal proceedings against plaintiff MICHAEL JOHNSON.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff MICHAEL JOHNSON.

48. Defendants lacked probable cause to continue criminal proceedings against plaintiff MICHAEL JOHNSON.

49. Defendants acted with malice in continuing criminal proceedings against MICHAEL JOHNSON.

50. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

51. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MICHAEL JOHNSON's favor on December 7, 2012, when all charges against him were dismissed.

52. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" as if the same were more fully set forth at length herein.

54. Defendants created false evidence against plaintiff MICHAEL JOHNSON.

55. Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's Office.

56. In creating false evidence against plaintiff MICHAEL JOHNSON, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

57. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## DELIBERATE INDIFFERENCE TO PLAINTIFFS
## CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants provided to the general inmate population the New York Post article regarding the allegations against plaintiff MICHAEL JOHNSON

60. Defendants knew that plaintiff MICHAEL JOHNSON would be exposed to the risk of severe beatings and/or other bodily injuries if they were to inform the general population about plaintiff's alleged crimes.

61. Defendants knew that plaintiff MICHAEL JOHNSON would be exposed to the risk of severe beatings and/or other bodily injuries if they were to keep plaintiff MICHAEL JOHNSON in the prison's general population

62. Notwithstanding this knowledge, defendants kept plaintiff MICHAEL JOHNSON with the general inmate population.

63. In providing the general inmate population with the news article, defendants subjected plaintiff MICHAEL JOHNSON to bodily harm, and in allowing plaintiff MICHAEL JOHNSON to remain in general population, defendants exhibited a deliberate indifference to the health, safety and welfare of plaintiff MICHAEL JOHNSON, in violation of plaintiff's constitutional rights as secured by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

64. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### SIXTH CLAIM FOR RELIEF
### INDUCEMENT OF FALSE TESTIMONY IN VIOLATION OF 42 U.S.C. § 1983

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "64" as if the same were more fully set forth at length herein.

66. Defendant DETECTIVE YEVETTE CARABALLO and defendant police officers acting in an investigative capacity, met with and interviewed the 9-year-old complaining victim during the criminal investigation.

67. Defendant DETECTIVE YEVETTE CARABALLO and defendant police officers harassed, intimidated, manipulated, and coerced the 9-year-old complaining victim to pick plaintiff MICHAEL JOHNSON from an unduly suggestive photo array.

68. Defendant DETECTIVE YEVETTE CARABALLO and defendant police officers instructed, intimidated, manipulated, and coerced the 9-year-old complaining victim to pick the same person out of the line-up that he picked out of the unduly suggestive photo array.

69. As a result of the foregoing, plaintiff MICHAEL JOHNSON, was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, had his personal and professional reputation, and lost his livelihood.

## SEVENTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. The aforementioned individual defendants issued legal process to place plaintiff MICHAEL JOHNSON under arrest.

72. The aforementioned individual defendants arrest plaintiff MICHAEL JOHNSON in order to obtain a collateral objective outside the legitimate ends of the legal process.

73. The aforementioned individual defendants acted with intent to do harm to plaintiff MICHAEL JOHNSON, without excuse or justification.

74. As a result of the foregoing, plaintiff MICHAEL JOHNSON sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## EIGHTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "74" as if the same were more fully set forth at length herein.

76. Defendants arrested and incarcerated plaintiff MICHAEL JOHNSON in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

77. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

78. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, corrections officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

79. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Department of Corrections and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff MICHAEL JOHNSON.

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Department of Corrections and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MICHAEL JOHNSON as alleged herein.

81. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff MICHAEL JOHNSON as alleged herein.

82. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Department of Corrections and the New York City Police Department, plaintiff MICHAEL JOHNSON was incarcerated unlawfully for five (5) days.

83. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff MICHAEL JOHNSON.

84. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff MICHAEL JOHNSON's constitutional rights.

85. All of the foregoing acts by defendants deprived plaintiff MICHAEL JOHNSON of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from unwarranted and malicious criminal prosecution;

  D. Not to have cruel and unusual punishment imposed upon him; and

  E. To receive equal protection under the law.

Dated: New York, New York
   July 15, 2014

BY:   /s/
   JON L. NORINSBERG (JN-2133)
   Attorney for Plaintiff
   225 Broadway, Suite 2700
   New York, N.Y. 10007
   (212) 791-5396

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50 and 160.55

I, Michael Johnson, (Date of Birth: 6-7-58; SS #: 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), pursuant to CPL §160.50 and PCL §160.55, hereby designate Zachary Carter, Corporation Counsel for the City of New York, 100 Church Street, New York, New York 10007, or his/her authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled <u>People of the State of New York v. Michael Johnson</u>, Docket No. or Indictment No. 2012AX096904, in Criminal Court, County of Bronx, State of New York, relating to my arrest on or about August 12, 2012, may be available for use in Civil Action _____ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL §160.50 and CPL §160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §160.50 CPL §160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §160.50 CPL §160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
MICHAEL JOHNSON

STATE OF NEW YORK )
                  : ss.:
COUNTY OF NEW YORK )

On this 2nd day of July, 2014, before me personally came Michael Johnson to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

JON L. NORINSBERG
Notary Public State of New York
No. 02NO6177973
Qualified in Bronx County
Commission Expires Nov. 19, 2015

| | |
|---|---|
| INDEX NO. | YEAR |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL JOHNSON,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK, C.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown), DETECTIVE YVETTE CARABALLO, Shield No. 132, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                      Defendants.

## SUMMONS AND COMPLAINT

**JON L. NORINSBERG**
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212) 791-5396

Signature (Rule 130-1.1a)
_____

Print Name Beneath

To
Attorney(s) for    Defendants

Service of a copy of the within is hereby admitted.      Dated
_____

Attorney(s) for

PLEASE TAKE NOTICE

☐    **NOTICE OF ENTRY**

     that the within is a (certified) true copy of a
     duly entered in the office of the clerk of the within named court on      20

☐    **NOTICE OF SETTLEMENT**

     that an order                                of which the within is a true copy
     will be presented for settlement to the HON.           one of the judges of the
     within named Court, at
     on                    20          at

Dated,                                                                               Yours, etc.